F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 6 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01979-BNB

SHANE E. JOHNSON,

      Plaintiff,

v.

DOC INTAKE OFFICER JANE DOE,
DOC INTAKE OFFICER JOHN DOE,
DOC PROPERTY SERGEANT S. MARTZ, and
DOC LAUNDRY SUPERVISOR LIEUTENANT CORDOVA,

      Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Shane E. Johnson, is in the custody of the Colorado Department of Corrections (DOC). He is incarcerated at the Colorado State Penitentiary (CSP) in Canón City, Colorado. Mr. Johnson initiated the instant action by filing *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 asserting that prison officials at CSP violated his Eighth Amendment right to humane conditions of confinement. He seeks monetary and injunctive relief.

Mr. Johnson has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 with payment of an initial partial filing fee. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe Mr. Johnson's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id*. For the reasons set forth below, the complaint and the action will be dismissed.

Mr. Johnson alleges in his Complaint that when he arrived at CSP on March 14, 2011, Defendant intake officers Jane and John Doe escorted him to his cell and requested a jumpsuit for Plaintiff, but when no jumpsuit arrived, they left Plaintiff in his cell in his underwear. For the next ten days, Mr. Johnson sent "requests" for a jumpsuit ("greens") to Defendant DOC property sergeant Martz and Defendant DOC laundry supervisor Cordova, which were ignored. Mr. Johnson finally received his clothing on March 23, 2011. Mr. Johnson asserts that for ten days he was forced to endure very cold and uncomfortable conditions in his cell wearing only his underwear. He further alleges that he was taunted by other inmates as he was escorted to the shower and recreation areas in his underwear and that he is concerned "about sexually assaultive behavior in the future as he progresses to general population." Compl., at 3. Mr. Johnson seeks damages from the Defendants for acting with "deliberate indifference" to his Eighth Amendment right to humane conditions of confinement. *Id.* at 4. He further

asks the Court to enjoin Defendants from removing the clothing from incoming inmates until replacement clothes are made available. *Id.*

A prisoner claiming that he has been subjected to cruel and unusual punishment based on the conditions of his confinement must demonstrate, in part, that the infringement was sufficiently serious. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Eighth Amendment is not violated unless the conditions deprive a prisoner of the "'minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The core areas entitled to protection pursuant to the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992). Finally, an inmate asserting an Eighth Amendment claim must allege that the defendants acted with deliberate indifference. Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Nothing Mr. Johnson asserts in his Complaint rises to the level of an Eighth Amendment violation. Although Mr. Johnson alleges that he was housed in his underwear in a cold cell for ten days, he does not assert that he was denied blankets or other bedding. *See Wilson*, 501 U.S. at 304 ("*Some* conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so

3

alone, . . .–for example, a low cell temperature at night combined with a failure to issue blankets); *cf. Gregory v. Wyse*, 512 F.2d 378, 381 (10th Cir.1975) (recognizing an Eighth Amendment violation where inmate was kept naked for twelve days in a cell that had been stripped of its bedding, did not have adequate heating, ventilation, lighting or furnishing and was seldom cleaned) (citations omitted).  Furthermore, Mr. Johnson's general comments with respect to the cold temperature are not sufficient to establish an objectively serious threat to his life or health. *Hawkes v. Wyoming Dep't of Corrections Honor Conservation Camp*, No. 97-8006, 1997 WL 545594, at *2 (10th Cir. Sept. 4, 1997) (internal citation omitted) (holding that inmate's general complaints of cold temperatures which lasted for period of five days, combined with a lack of allegations regarding inadequate bedding and blankets, failed to state a constitutional claim).

Mr. Johnson also fails to allege that he suffered any physical injury as a result of this temporary, albeit uncomfortable, condition. "The Eighth Amendment 'does not mandate comfortable prisons,' and conditions imposed may be 'restrictive and even harsh.'" *Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir.1998) (quoting *Rhodes*, 452 U.S. at 347; *Whitington v. Ortiz*, 307 F. Appx. 179, 187 (10th Cir. 2009) (unpublished) ("Mere discomfort or temporary adverse conditions which pose no risk to health and safety do not implicate the Eighth Amendment.") (citing *Hudson*, 503 U.S. at 9); *see also Estrada v. Krause*, 38 F. App'x 498, 499 (10th Cir. 2002) (unpublished) (affirming dismissal of plaintiff's claim that he was subjected to cruel and unusual punishment when he was held for four nights and five days in a stripped basement

4

intake cell in September 1998 with minimal clothing and bedding, no personal hygiene items, and no cleaning supplies for the cell).

Mr. Johnson's concern that his personal safety was put at risk when he was harassed verbally by other inmates as he was escorted in his underwear to the shower and recreation areas does not meet the objective component of the Eighth Amendment inquiry because Plaintiff does not allege facts to show that any other inmate presented an actual threat of harm to him. *Farmer*, 511 U.S. at 834 (inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm).

Mr. Johnson fails to allege that he was deprived of the "'minimal civilized measure of life's necessities.'" *Wilson*, 501 U.S. at 298. Mr. Johnson also fails to allege facts to demonstrate that any of the Defendants knew about and disregarded an excessive risk to his health or safety. *Farmer*, 511 U.S. at 837. Although Plaintiff alleges that he made several requests to Defendants Martz and Cordova for clothing, he does not allege that he complained to any of the Defendants that the temperature in his cell was too cold or that he needed additional blankets. Because Mr. Johnson does not set forth facts that could support an arguable Eighth Amendment claim, his Complaint will be dismissed as legally frivolous. Accordingly, it is

ORDERED that the Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b)(i).

DATED at Denver, Colorado, this __26th__ day of ___August_____, 2011.

BY THE COURT:

  s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01979-BNB

Shane E Johnson
Prisoner No.  99744
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on August 26, 2011.


GREGORY C. LANGHAM, CLERK


By:_____
Deputy Clerk